UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SPA-SIMRAD, INC., d/b/a SPA-DEFENSE, ) <br> d/b/a SPA TACTICAL, d/b/a SOUTHERN ) <br> PRECISION ARMORY, ) <br> ) <br> Defendant. ) <br> _____) | CA09- 567S <br><br> C.A. No. 09-____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Emissive Energy Corporation ("Emissive"), brings this action against defendant, SPA-SIMRAD, Inc. d/b/a SPA-Defense, SPA Tactical and Southern Precision Armory (collectively, "SPA"), for patent infringement. By this Complaint, Emissive seeks, *inter alia*, injunctive relief and monetary damages and alleges as follows:

### PARTIES

1. Emissive is a Delaware corporation with its principal place of business located at 135 Circuit Drive, North Kingstown, Rhode Island. Emissive designs, manufactures and sells high performance flashlights and other handheld lighting equipment. Its products are sold domestically and internationally through several channels, such as retailers, distributors, Internet sales and mail order catalogs.

2. Upon information and belief, SPA is a Florida corporation with its principal place of business located at 3409 NW 9th Avenue, Suite 1104, Fort Lauderdale, FL 33309. Upon information and belief, SPA resells products to the government, military and law enforcement

markets and provides associated training services. Among the products sold by SPA are light emitting diode ("LED") flashlights with the designation, "SPL." (the "Accused Products"). SPA has sold and continues to sell its products, including the Accused Products, in Rhode Island and throughout the United States. It sells these products and provides training services to law enforcement, the government and the military.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

4. This Court has personal jurisdiction over SPA because SPA conducts business in Rhode Island and markets and sells products and provides training services in Rhode Island.

5. Venue is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

## FACTS

### Emissive, Its Products and Patents

6. Since its founding in 1991, Emissive has gained worldwide recognition for its industry-leading LED lighting solutions. Emissive develops and manufactures high-quality INOVA® brand LED lighting equipment, which includes a wide spectrum of flashlight products, including the T-Series (T1®, T2®, T3®, T4® and T5®), the X-Series (X1®, X5®, XO®, and XO3®), the Microlight, the 24/7®, and the Bolt® series of lights. Emissive's Chief Executive Officer, Robert D. Galli, designs Emissive's products.

7. Among other patented design and utility features, Emissive's LED flashlight products incorporate integral heat sink technology covered by a number of patents licensed exclusively to Emissive by Mr. Galli. Emissive's patented heat sink technology is incorporated in several leading LED flashlights on the market.

8.  On December 7, 2004, the United States Patent and Trademark Office (the "PTO") issued U.S. Patent No. 6,827,468 (the "'468 Patent") to Mr. Galli. (A true copy of the '468 Patent is attached hereto as <u>Exhibit A</u>.) Pursuant to a Patent License Agreement between Mr. Galli and Emissive, Emissive is the exclusive licensee of the '468 Patent.

9.  On November 22, 2005, the PTO issued U.S. Patent No. 6,966,677 (the "'677 Patent") to Mr. Galli. (A true copy of the '677 Patent is attached hereto as <u>Exhibit B</u>.) The '677 Patent is a continuation-in-part of the '468 Patent. Pursuant to a Patent License Agreement between Mr. Galli and Emissive, Emissive is the exclusive licensee of the '677 Patent.

10. On June 6, 2006, the PTO issued U.S. Patent No. 7,055,989 (the "'989 Patent") to Mr. Galli. (A true copy of the '989 Patent is attached hereto as <u>Exhibit C</u>.) The '989 Patent is a continuation-in-part of the '468 Patent. Pursuant to a Patent License Agreement between Mr. Galli and Emissive, Emissive is the exclusive licensee of the '989 Patent.

11. On August 1, 2006, the PTO issued U.S. Patent No. 7,083,305 (the "'305 Patent") to Mr. Galli. (A true copy of the '305 Patent is attached hereto as <u>Exhibit D</u>.) The '305 Patent is a continuation-in-part of the '468 and the '677 Patents. Pursuant to a Patent License Agreement between Mr. Galli and Emissive, Emissive is the exclusive licensee of the '305 Patent. (The '468 Patent, '677 Patent, '989 Patent and '305 patent collectively shall be referred to as the "Patented Technology.")

12. Emissive has had great success selling LED flashlights incorporating the Patented Technology.

**SPA's Products and Infringement of the Patented Technology**

13. Upon information and belief, SPA purchases the Accused Products from NovaTac, Inc. and resells them to its customers.

14. The Accused Products infringe one or more of the claims of each patent that comprise the Patented Technology.

15. Upon information and belief, SPA is intentionally infringing the Patented Technology by marketing, selling and/or offering for sale the Accused Products.

16. SPA's wrongful actions are being conducted without authorization or license to do so and will continue unless enjoined by the Court.

17. SPA had prior knowledge of the Patented Technology, and therefore its conduct is both willful and deliberate.

## COUNT I
### (Infringement of the '468 Patent- 35 U.S.C. § 271)

18. Emissive realleges and incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19. Defendant has knowingly and intentionally infringed and continues to infringe one or more claims of the '468 Patent.

20. Emissive has suffered and will continue to suffer substantial damage and irreparable harm as a result of Defendant's continuing infringement of the '468 Patent including, but not limited to, the loss of commercial value of its LED flashlights incorporating the '468 Patent, loss of the value of its patent, loss of good will, and other injuries to Emissive's business.

21. Emissive will suffer further damage and irreparable injury unless and until Defendant is enjoined from its continuing infringement of the '468 Patent.

22. Emissive is entitled to an accounting of Defendant's profits derived from the sale of the Accused Products.

23. Defendant has committed such acts, and will continue to commit such acts, in an intentional and willful manner that make this case exceptional under 35 U.S.C. § 285.

24. Emissive has no adequate remedy at law.

## COUNT II
### (Infringement of the '677 Patent- 35 U.S.C. § 271)

25. Emissive realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26. Defendant has knowingly and intentionally infringed and continues to infringe one or more claims of the '677 Patent.

27. Emissive has suffered and will continue to suffer substantial damage and irreparable harm as a result of Defendant's continuing infringement of the '677 Patent including, but not limited to, the loss of commercial value of its LED flashlights incorporating the '677 Patent, loss of the value of its patent, loss of good will, and other injuries to Emissive's business.

28. Emissive will suffer further damage and irreparable injury unless and until Defendant is enjoined from its continuing infringement of the '677 Patent.

29. Emissive is entitled to an accounting of Defendant's profits derived from the sale of the Accused Products.

30. Defendant has committed such acts, and will continue to commit such acts, in an intentional and willful manner that make this case exceptional under 35 U.S.C. § 285.

31. Emissive has no adequate remedy at law.

## COUNT III
### (Infringement of the '989 Patent- 35 U.S.C. § 271)

32. Emissive realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33. Defendant has knowingly and intentionally infringed and continues to infringe one or more claims of the '989 Patent.

34. Emissive has suffered and will continue to suffer substantial damage and irreparable harm as a result of Defendant's continuing infringement of the '989 Patent including, but not limited to, the loss of commercial value of its LED flashlights incorporating the '989 Patent, loss of the value of its patent, loss of good will, and other injuries to Emissive's business.

35. Emissive will suffer further damage and irreparable injury unless and until Defendant is enjoined from its continuing infringement of the '989 Patent.

36. Emissive is entitled to an accounting of Defendant's profits derived from the sale of the Accused Products.

37. Defendant has committed such acts, and will continue to commit such acts, in an intentional and willful manner that make this case exceptional under 35 U.S.C. § 285.

38. Emissive has no adequate remedy at law.

## COUNT IV
### (Infringement of '305 Patent – 35 U.S.C. § 271)

39. Emissive realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40. Defendant has knowingly and intentionally infringed and continues to infringe one or more claims of the '305 Patent.

41. Emissive has suffered and will continue to suffer substantial damage and irreparable harm as a result of Defendant's continuing infringement of the '305 Patent including, but not limited to, the loss of commercial value of its LED flashlights incorporating the '305 Patent, loss of the value of its patent, loss of good will, and other injuries to Emissive's business.

42. Emissive will suffer further damage and irreparable injury unless and until Defendant is enjoined from its continuing infringement of the '305 Patent.

43. Emissive is entitled to an accounting of Defendant's profits derived from the sale of the Accused Products.

44. Defendant has committed such acts, and will continue to commit such acts, in an intentional and willful manner that make this case exceptional under 35 U.S.C. § 285.

45. Emissive has no adequate remedy at law.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Emissive Energy Corporation prays for judgment in its favor and against Defendant SPA-SIMRAD, Inc., and requests that:

A. Judgment enter in its favor and against Defendant on each Count of the Complaint;

B. Defendant be adjudged to have infringed the Patented Technology and that such infringement be adjudged to have been willful;

C. Emissive be awarded compensatory damages in an amount no less than a reasonable royalty of Defendant's gross sales of the Accused Products;

D. Emissive be awarded treble damages pursuant to 35 U.S.C. § 284 because of the willful nature of Defendant's acts;

E. Emissive be awarded prejudgment interest;

F. Emissive be awarded its costs, attorneys' fees, and expenses in this suit under 35 U.S.C. § 285;

G. Defendant, its officers, agents, servants, employees, attorneys, and all other persons acting in concert, participation, or privity with defendants be forthwith temporarily, preliminarily and thereafter permanently restrained and enjoined from infringing the Patented Technology;

H. Defendant be ordered to:

    (1)    cease all sales of the Accused Products;

    (2)    remove the Accused Products from the Internet, catalogues, retail stores and other channels of trade;

    (3)    omit reference to the Accused Products and/or any of the Patented Technology on the Internet, in future catalogs, in retail stores, in advertisements and all other channels of trade;

    (4)    recall from its employees, subsidiaries, dealers, distributors, resellers and customers, any and all Accused Products and advertising of the Accused Products; and

    (5)    surrender for destruction, or other disposition at the election of Emissive, all extrusions, molds, dies, components-in-progress, components, production materials, products, castings, fixtures, prints, computer programs, solid modeling, prototypes, engineering records and all means of manufacture associated with the production of Accused Products; and

I.    Emissive be awarded such other and further relief as this Court may deem just and proper.

                  EMISSIVE ENERGY CORPORATION

                  By its Attorneys,

                  _____
                  Craig M. Scott (#4237)
                  Christine K. Bush (#5587)
                  SCOTT & BUSH LTD
                  30 Kennedy Plaza, 4th Floor
                  Providence, RI 02903
                  (401) 865-6035
                  (401) 865-6039-FAX

Dated: November 25, 2009

M:\Clients\Emissive Energy\SPA-SIMRAD\Pleadings\Complaint.doc